# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff-Appellee,** ) | |
| ) | Civil Action Number |
| vs. ) | **5:15-cr-00265-AKK** |
| ) | |
| **BOBBIE MCGHEE,** ) | |
| ) | |
| **Defendant-Appellant.** ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

Appellant Bobbie McGhee ("McGhee") appeals the sentence of imprisonment imposed by the magistrate court upon revocation of her initial sentence of probation. McGhee challenges the legality of the sentence on the grounds that she was not afforded and did not knowingly waive her right to counsel at all critical stages of the underlying proceeding. For the reasons stated below, the court **AFFIRMS** the sentence of imprisonment.

## I. Background

In June 2015, McGhee was arrested for stealing government property from the Army and Air Force Exchange Service at the Redstone Arsenal, in violation of 18 U.S.C. §641. Doc. 1 at 1. Shortly before McGhee's initial appearance before Magistrate Judge Harwell Davis, the prosecutor met with McGhee and offered McGhee a plea deal. Docs. 13 at 3; 33 at 5. Based on the prosecutor's subsequent

1

representations to the court, in exchange for a guilty plea, the prosecutor agreed to recommend to the court a $300 fine, $25 special assessment fee, one year of probation, and participation in a cognitive behavioral therapy program. Doc. 13 at 3-4.

When McGhee appeared before Judge Davis, Judge Davis noted that McGhee was not represented by an attorney, and informed McGhee that "if [she] wanted an attorney to represent [her] before [she] go through any proceedings in this case, any further proceedings in this case," he would appoint a lawyer to represent her, and that McGhee "also [had the] constitutional right to represent [herself]."[1] *Id*. at 2-3. Judge Davis then asked McGhee whether she wanted to represent herself or if she wanted him to ascertain if she qualified for court-appointed counsel, and McGhee responded that she wanted to represent herself. *Id*. at 3. McGhee ultimately pleaded guilty to theft of government property, and Judge Davis sentenced her to terms consistent with the prosecutor's recommendation, including one year of probation. *Id*. at 3-4, 7. The terms of McGhee's probation included that she refrain from committing any other crimes. Doc. 3 at 2.

Shortly after her sentence, McGhee was once again arrested for shoplifting. Doc. 33 at 6. As a result, the United States Probation Office petitioned the court to

---

[1] Prior to meeting with McGhee individually, Judge Davis reported that, consistent with his standard practice, he addressed the defendants collectively as a group and informed them of their right to counsel. Doc. 28 at 8 – 9.

revoke McGhee's probation. Doc. 5. At the revocation hearing, McGhee argued that the magistrate judge could not impose a sentence of imprisonment because the court had purportedly deprived her of her right to counsel during the plea negotiations and when she entered her guilty plea. Doc. 28 at 6. After reviewing the transcript from McGhee's initial appearance, Judge Davis found that McGhee "was advised of [and waived] her right to counsel." *Id.* at 6-7, 9. Consequently, Judge Davis revoked McGhee's probation and sentenced McGhee to a custodial term of 120 days. *Id.* at 24; doc. 19. This appeal followed.

## II. Standard of Review

The court has jurisdiction to hear this matter because "[a]n appeal of an otherwise final sentence imposed by a United States magistrate judge may be taken to a judge of the district court . . . as though the appeal were to a court of appeals from a sentence imposed by a district court." 18 U.S.C. § 3742(h). Relevant here, because the issue concerns whether McGhee knowingly, intelligently, and voluntarily waived her right to counsel, the court reviews this matter *de novo* and the government bears the burden of proving that the waiver was valid. *U.S. v. Garey*, 540 F.3d 1253, 1268 (11th Cir. 2008).

## III.   Analysis

The Sixth Amendment requires "that no indigent criminal defendant be sentenced to a term of imprisonment unless the [government] has afforded him the

right to assistance of appointed counsel in his defense." *Scott v. Illinois*, 440 U.S. 367, 373-74 (1979). "The Sixth Amendment requires effective assistance of counsel at critical stages of a criminal proceeding," including "pretrial critical stages that are part of the whole course of the criminal proceeding, a proceeding in which defendants cannot be presumed to make critical decisions without counsel's advice." *Lafler v. Cooper*, 132 S. Ct. 1376, 1385 (2012). Critical stages "include arraignments, postindictment interrogations, postindictment lineups, and the *entry of a guilty plea*." *Missouri v. Frye*, 132 S. Ct. 1399, 1405 (2012) (emphasis added).

The issue before this court is when precisely the right to counsel attaches. As McGhee puts it, the right "applies to all critical stages of prosecution, including plea negotiations." Doc. 33 at 12. More precisely, McGhee contends the government violated her right to counsel when the prosecutor met with her and offered her a plea deal immediately before her initial court appearance. This court need not address whether the government can only offer proposed terms for a plea in the presence of defense counsel because the Sixth Amendment right to counsel only gives "a defendant . . . the right to effective assistance of counsel in *considering* whether to accept [a plea deal]." *Lafler*, 132 S. Ct. at 1387 (emphasis added); *see also Iowa v. Tovar*, 541 U.S. 77, 81 (2004) (defendant has right to be counseled regarding his guilty plea); *Padilla v. Kentucky*, 559 U.S. 356, 364-66 (2010) (same). That right was not impacted here because McGhee received the

opportunity to have the right to effective assistance of counsel in considering whether to accept the plea and counsel prior to the entry of a guilty plea. *See Lafler,* 132 S. Ct. at 1387; *Frye*, 132 S. Ct. at 1405.

Specifically, when McGhee appeared before Judge Davis, in addition to addressing McGhee collectively with the other defendants and informing them of their right to counsel, doc. 28 at 8–9, the following exchange occurred:

| | |
|---|---|
| The Court: | All right. In addition to that, I need to go over a few things with you as I have gone over with the other defendant[s]. First of all, I notice you don't have attorney representing you hear today. |
| McGhee: | No. |
| The Court: | If you cannot afford an attorney and you wanted an attorney to represent you before you go through any proceedings in this case, any further proceedings in this case, if you qualify, I will appoint a lawyer to present you. Do you understand that? |
| McGhee: | I do. |

Doc. 13 at 2-3. Judge Davis then asked McGhee if she wanted him to ascertain whether McGhee qualified for a court-appointed attorney and McGhee declined:

| | |
|---|---|
| The Court: | You also have a constitutional right to represent yourself, if you are able to do so. Certainly, you are capable of doing that if you want to. Do you want to represent yourself or do you want me to see if you qualify for court-appointed counsel? |
| McGhee: | Represent Myself. |

5

*Id*. at 3. Based on this exchange, it is evident that the court advised McGhee of her constitutional right to counsel and that McGhee voluntarily opted to represent herself. More importantly, Judge Davis accepted McGhee's guilty plea only after he advised McGhee of her right to counsel and after McGhee unequivocally invoked her right to represent herself. *Id*. at 3-6.

To get around the unequivocal exchange showing that McGhee knowingly and voluntarily waived her right to counsel, McGhee claims that the court failed to inform her of the dangers and disadvantages of self-representation:

> No one ever advised Ms. McGhee that she was entitled to have an appointed attorney assist her during plea negotiations, not only in the event of a contested trial or sentencing. . . . that she could plead guilty without coming to an agreement with the government about a sentence. . . . that even if she pleaded guilty she could present evidence in mitigation and in support [of] a different sentence than the one proposed by the government. . . . [and] that upon violation of probation the court could resentence her to a term of imprisonment up to the maximum sentence.

Doc. 33 at 15. These contentions miss the mark because, again, Judge Davis afforded McGhee the right to counsel in considering whether to accept the plea and prior to the entry of a guilty plea. Moreover, the law imposes no obligation on a trial judge to advise a defendant at the plea stage of the various arguments she can make on her behalf. To the contrary, a court is required to ascertain whether a defendant is sufficiently aware of the relevant circumstances to make a "knowing and intelligent" waiver, by "inform[ing] the accused of the nature of the charges against him, of his right to be counseled regarding his plea, and of the range of

allowable punishments attendant upon the entry of a guilty plea." *Tovar*, 541 U.S. at 81. Based on a review of the transcript of the plea colloquy, this court finds that Judge Davis properly informed McGhee of her Sixth Amendment rights.[2] *See* doc. 13 at 2-3.

Likewise, the court is not convinced by McGhee's claim that her waiver of counsel was not knowing, intelligent, or voluntary because she lacked the capacity to fully appreciate her constitutional right to counsel. This contention is based on a psychological evaluation McGhee underwent seven months after her guilty plea in preparation for her revocation hearing, which apparently revealed that McGhee "has a longstanding history of untreated PTSD and depression that is contributing to the impulsive shoplifting behavior." Doc. 28 at 22–23. This evaluation, however, does not establish that McGhee lacked the mental capacity to fully appreciate the reality of her situation at the time of her initial appearance or that she acted involuntarily or unintelligently. Ultimately, "[t]he determination of whether there has been an intelligent waiver of the right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case,

---

[2] Judge Davis informed McGhee of the nature of the charges against her, *see* doc. 13 at 2 ("Ms. McGhee, you are charged with violating 18 U.S. Code Section 641, which is theft of government property. It is a federal misdemeanor Class A misdemeanor."), her right to counsel, *see* docs. 2; 13 at 2-3 ("If you cannot afford an attorney and you wanted an attorney to represent you before you go through any proceedings in this case, any further proceedings in this case, if you qualify, I will appoint a lawyer to represent you."), and the range of allowable punishments, *see* doc. 13 at 2 ("That would carry a sentence of up to 12 months in jail. It also could carry a fine of up to $100,000, but that's the maximum, that's not necessarily what you will get.").

including background, experience, and conduct of the accused." *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938). Based on the record before this court, including the exchange McGhee had with Judge Davis, and McGhee's criminal history, which spans almost 30 years, no credible basis exists for this court to find that McGhee did not know or fully appreciate her right to counsel at the time she waived that right.

## IV.  Conclusion

Based on the foregoing, the court concludes that McGhee was properly afforded, and knowingly, intelligently, and voluntarily waived her Sixth Amendment right to counsel. Therefore, the magistrate court's final judgment imposing a sentence of 120 days of imprisonment is **AFFIRMED**.

**DONE** the 28th day of June, 2016.

                                                                  _____
                                                                  **ABDUL K. KALLON**
                                                                  UNITED STATES DISTRICT JUDGE